UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY M. WHITE | CIVIL ACTION |
| VERSUS | NO. 22-5213 |
| JIMMY POLEMAND - SHERIFF, ET AL. | SECTION "J" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Randy M. White filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants St. Bernard Parish Sheriff Jimmy "James" Polemand, Warden Sensebe, and the St. Bernard Parish Jail medical staff alleging inadequate medical attention while in the jail. ECF No. 1, at 4 (Deficient Complaint, ¶IV and ¶V). White did not pay the filing fee or file a motion to proceed *in forma pauperis* with the complaint.

On December 12, 2022, the clerk of court sent White a notice of this deficiency, which required him to either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. The clerk mailed the deficiency notice to White at his prison address of record at the St. Bernard Parish Jail. When White failed to respond to the deficiency notice, I issued an order on January 12, 2023, for him to show cause why his § 1983 complaint should not be dismissed for his failure to prosecute. ECF No. 3. Shortly thereafter, the envelopes used by the clerk of court to mail the deficiency notice and my show cause order were returned as undeliverable, both marked "Return to Sender." ECF Nos. 4 (returned January 12, 2023); ECF No. 5 (returned February 1, 2023). The first returned envelope received by the clerk of court was stamped by the St. Bernard Parish Prison with "ROLLED OUT FORWARDING ADDRESS UNKNOWN." ECF No. 4, at 1.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change. *See* L.R. 11.1 and L.R. 41.3.1. In addition, the complaint form used by White to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, at 9 (Plaintiff's Declaration, ¶VI(2)). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

To date, White has not provided his current address or otherwise contacted the court about his case. His failure to comply with the court's rules and orders has created delay in the court's

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

ability to efficiently manage the case. This delay is caused by and attributable to White himself, justifying dismissal of his complaint for failure to prosecute.[6]

In a final effort to provide White with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. White is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to White that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. White is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

White also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

---

[6] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

**RECOMMENDATION**

It is **RECOMMENDED** that plaintiff Randy M. White's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

New Orleans, Louisiana, this 24th day of March, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE